THE GLENESSLIN.

(District Court, D. Oregon. September 14, 1899.)

No. 4,462.

SEAMEN—LIEN FOR WAGES.

Except in the cases provided for in Rev. St. § 4527, where shipping articles have been signed, and a seaman is thereafter unwarrantably discharged by the master, there can be no lien as for wages unless services have in fact been rendered. A seaman engaged for a voyage, but not signed or shipped, has no lien for wages or for expenses incurred.[1]

This was a suit in rem to recover wages and expenses incurred by libelants on the faith of an engagement to ship as seamen on the ship Glenesslin.

John Ditchburn, for libelants.

J. C. Flanders, for claimants.

BELLINGER, District Judge. The libel alleges that on the 19th day of June, 1899, the master of the Glenesslin, through his agents, employed the libelants as seamen to serve upon the ship from the port of Portland to a port in South Africa; that libelants were at the time in San Francisco, and that it was understood and agreed that the ship would pay the cost of their transportation from San Francisco to Portland, and the cost of their board and lodging from said 19th of June until they should go aboard said ship; that thereafter the master employed other sailors. The libel is brought to recover the cost of passage from San Francisco, and the cost of board and lodging, and also for wages for the voyage for which the libelants expected to ship. The testimony shows that Frank Turk and Patrick Lynch were engaged by the master of the Glenesslin to go to San Francisco, and secure a crew for the ship, and that they engaged libelants for that purpose, and brought them to Portland. Turk and Lynch advanced the money required for libelants' traveling expenses. No shipping articles were signed, and there is no claim that services were rendered. Where services have not, in fact, been rendered, there can be no lien as for wages, except in the cases provided for in section 4527 of the Revised Statutes, where a shipping agreement has been signed, and the seaman is thereafter unwarrantably discharged by the master. In such cases a sum equal to one month's wages may be recovered. This is not such a case. There is no question in the case as to whether Turk and Lynch, who went to San Francisco at the instance of the master, and rendered service and expended money in bringing a crew to Portland for the Glenesslin, are entitled to a lien for such services and expenditures. They are not parties, and nothing is claimed on their account. The libel is dismissed.

[1] As to maritime liens for supplies and services generally, see note to The George Dumois, 15 C. C. A. 679.